UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
SPRINGFIELD DIVISION

| | |
|---|---|
| **LIAN SIERRA, as parent and natural guardian of I.C., a minor,**<br><br>*Plaintiffs,*<br><br>v.<br><br>**SPRINGFIELD PUBLIC SCHOOL DISTRICT, the SPRINGFIELD PUBLIC SCHOOL COMMITTEE, the CITY OF SPRINGFIELD, DOE DEFENDANTS 1-20, inclusively,**<br><br>*Defendants.* | Case No. _____<br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

Plaintiff Lian Sierra, as parent and natural guardian of I.C., a minor (collectively, "Plaintiffs"), by and through her counsel The Law Office of Keith Altman, PLLC, and Nesenoff & Miltenberg, LLP, as and for Plaintiffs' complaint against Defendants Springfield Public School District ("SPSD" or the "District"), the Springfield Public School Committee ("SPSC" or the "Committee"), the City of Springfield (the "City" or "Springfield") (collectively, the "Springfield Defendants") and Doe Defendants 1-20 ("Doe Defendants") (together, "Defendants") respectfully alleges as follows:

### I. THE NATURE OF THIS ACTION

1. This is an action arising from the abuse of the teachers and administrative staff at the Brightwood Elementary School ("Brightwood" or the "School") in the Springfield Public School District.

2. Plaintiff I.C., a minor with the diagnosed disabilities of attention deficit hyperactivity disorder ("ADHD"), autism, and epilepsy, suffered traumatic and severe injuries due to the Defendant's failure to properly implement his approved educational plan. He will likely suffer with impairments due to his injuries for years to come.

3. Plaintiffs seek damages for Defendants' violation of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act of 1973 ("Section 504"), as well as negligence and intentional infliction of emotional distress.

## II. THE PARTIES

4. I. C. is a student at Brightwood Elementary School in the Springfield Public School District. Plaintiff at all material times relevant to this litigation has been, and is presently, a minor child.

5. The Complaint is filed by and through Lian Sierra ("Plaintiff Sierra" or "Sierra"), the mother of the minor child, with the consent of I.C. Plaintiff is a resident of the State of Massachusetts.

6. Defendant Springfield Public School District is the district in which Brightwood Elementary School lies within, located in the city of Springfield, in the Commonwealth of Massachusetts.

7. Defendant Springfield Public School Committee operates and supervises the public schools within the District, including the Brightwood Elementary School. SPSC is located within the city of Springfield, in the Commonwealth of Massachusetts.

8. Defendant City of Springfield is an incorporated city within the Commonwealth of Massachusetts. The City of Springfield operates and supervises Brightwood Elementary School, a public elementary school located within the District.

9. Doe Defendants 1-20 are employees or agents of the Springfield Defendants that caused harm to Plaintiffs which are subject to this lawsuit. At this time, their names and whereabouts are unknown.

### III.  JURISDICTION AND VENUE

10. This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, which provides district courts with jurisdiction over civil actions arising under the United States Constitution or laws of the United States.

11. In accordance with 28 U.S.C. § 1367, this Court also has supplemental jurisdiction over Plaintiff's state law claims.

12. At all relevant times, Plaintiffs Lian Sierra and her minor child were and are residents of the City of Springfield, in the Commonwealth of Massachusetts.

13. Defendant Springfield Public School District conducts business and is located within the City of Springfield, in the Commonwealth of Massachusetts.

14. Defendant Springfield Public School Committee conducts business and is located within the City of Springfield, in the Commonwealth of Massachusetts.

15. Defendant City of Springfield conducts business and is located within the City of Springfield, in the Commonwealth of Massachusetts.

16. The Doe Defendants, on the grounds that they were employees of Springfield Defendants, at all relevant times herein and personally violated certain rights and policies, the effects of which were felt in the Commonwealth of Massachusetts.

17. Venue in this action is properly in the Western District of Massachusetts because the events relevant to this action occurred primarily within the geographical confines of the Western District of Massachusetts.

## IV.     FACTUAL ALLEGATIONS

### A. *The Springfield Defendants Accept I.C.'s 504 Plan Upon Enrollment*

18.     In August of 2022, I.C. enrolled in Brightwood for the 2022 through 2023 academic year in the 3rd grade.

19.     Brightwood Elementary School is located within the District and operated and supervised by the Committee and the City.

20.     Upon information and belief, the Springfield Defendants are recipients of federal funding for their educational programs, which includes federal funding for Brightwood.

21.     I.C.'s prior educational institution established an educational accommodation plan ("504 Plan") under Section 504.

22.     At the time of enrollment, I.C.'s prior educational establishment forwarded I.C.'s 504 Plan to Brightwood.

23.     The Springfield Defendants reviewed and agreed to honor the conditions of I.C.'s 504 Plan as written until Springfield could perform their own 504 Plan evaluation. The Springfield Defendants did not amend the 504 Plan.

24.     At the end of I.C.'s first year of completion with Brightwood, at the end of the 2022-2023 academic year, Defendant was to evaluate and reassess I.C.'s 504 Plan; however, this never occurred.

### B. *I.C. is Severely Injured Due to the Defendants' Failure to Uphold the 504 Plan*

25.     I.C. enrolled at Brightwood once again for the 2023-2024 academic year.

26.     I.C.'s 504 Plan from the prior year academic year in the District remained in effect and is still in effect at the time of the filing of this Complaint.

27.     I.C.'s 504 Plan, required door-to-door transportation.

28. For the first week of school, the Springfield Defendants failed to uphold their duties I.C., because they never sent transportation.

29. As a result, I.C. missed his entire first week of classes.

30. On or around September 1, 2023, Plaintiff filed a report with Brightwood regarding I.C.'s public transportation.

31. Brightwood responded and advised that I.C.'s absences would be excused.

32. I.C. began receiving his transportation in accordance with his 504 Plan at the start of September 5, 2023, school week.

33. I.C. suffers from ADHD, autism, and epilepsy.

34. I.C.'s 504 Plan required I.C. to have two feet on the ground at all times. As a result, I.C. could not utilize the play structures, etc., due to his epilepsy.

35. On September 20, 2023, upon information and belief, one or more of the Defendants expressly allowed I.C. to participate in recess activities that involved his feet being off of the ground, in direct contradiction to the 504 Plan.

36. As a result, I.C. fell off a swing set.

37. I.C. came home from school suffering from a headache and pain in his left hand.

38. Due to I.C.'s development disorder and the overstimulation that occurred from the events that took place during Defendants' watch, I.C. imprisoned himself in Plaintiff's bathroom for over two hours.

39. By the time Plaintiff Lian Sierra calmed down I.C. enough so that he would release himself from his cell, I.C. had thrown up-three times.

40. I.C. could not recall the details of the events that took place but knew that he fell and that he thought he might have broken his hand.

### C. *I.C. Continues to Suffer with Injury, Resulting in Medical Care, Including a Visit to the Emergency Room, Where I.C. Learned He Suffered a Concussion and Broken Finger*

41. On September 20, 2023, Plaintiff Lian Sierra immediately called the school multiple times to inquire about what happened and received no call back.

42. On September 20, 2023, Plaintiff Lian Sierra called I.C.'s primary care physician ("PCP"). The office was closed but Plaintiff was able to obtain a video call with the physician on call. PCP diagnoses was that I.C. had suffered a mild concussion.

43. On September 21, 2023, I.C. stayed home from school.

44. I.C. continued to throw up and talk about the extreme pain in his hand.

45. Plaintiff Lian Sierra called the PCP and advised of I.C.'s medical condition and that he appeared to be suffering cognitively.

46. I.C.'s PCP continued with care as prescribed on September 20, 2023.

47. On September 22, 2023, I.C. again stayed home from school.

48. I.C. continued throwing up and began complaining of pain in his neck, dragging his feet while walking, and salivating from the mouth.

49. Plaintiff Lian Sierra contacted the PCP's office, who suggested they would reach out to the PCP, and if that Plaintiff Lian Sierra did not receive a call back, and the situation worsened, to take I.C. to the emergency room ("ER").

50. On September 23, 2023, I.C. woke up in the same condition.

51. After multiple calls to the PCP's office, Plaintiff took I.C. to the ER at Baystate Medical Center ("Baystate").

52. Baystate concluded that I.C. suffered from a severe concussion, as well as a bone fracture of his middle finger on his left hand.

53. At the time of the visit, Baystate did an investigation as to Plaintiff Lian Sierra and her responsibility, if any, for her son's injuries.

54. Baystate concluded that Plaintiff Lian Sierra was not in any way involved in her son's injury and instead, proceeded to file a 51A against Defendant Brightwood.

55. In addition, due to I.C.'s severe mental state; not remembering his mother or having trouble with his own name, Baystate feared that I.C. might have been suffering from a brain injury and not a concussion.

56. At the time of filing this complaint, Baystate physicians contacted the Boston Concussion and Brain Injury Clinic for I.C.'s continued medical care.

57. I.C. has suffered and will continue to suffer significant damages as a result of the Defendants' inability to abide by his 504 Plan.

58. I.C. continues to suffer, and will likely suffer for years to come, due to the physical injuries sustained.

D. **Respondent Superior and Agency**

59. Plaintiff restates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set out herein.

60. Under Federal and Massachusetts law, an employer may be vicariously liable for an employee's actions when they are acting within the scope of their employment on behalf of the employer.

61. At all times relevant to this action, upon information and belief, all individual Defendants were employed in a capacity by the SPSD, SPSC, or the City. Some of their acts and omissions relevant to this litigation were undertaken within the scope of their employment.

62. At the time of this Complaint, only the individual Defendants themselves are aware of the exact role that each individual Defendant played in the events that are the subject of the lawsuit. For this reason, only the individual Defendants know at which times each Defendant acted in a manner that exceeded the scope of their duties in their official capacities and at which each Defendant acted in a manner that was within the scope of their duties in their official capacities.

## V. CAUSES OF ACTION

### COUNT I
### VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT

63. Plaintiff restates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

64. The ADA extends its protections to public schools through Title II. 42 U.S.C. §§ 12131 *et. seq.*

65. The Committee, District, and City receive federal funding. The Committee and District are departments within the City. Therefore, they are subject to Title II of the ADA.

66. In addition, the Springfield Public Schools 2023-2024 Parents & Students Handbook specifically states that they will maintain an environment "free from unlawful discrimination" including disability. *See 2023-2024 Parents & Students Handbook*, SPRINGFIELD PUBLIC SCHOOLS, https://cdnsm5-ss18.sharpschool.com/UserFiles/Servers/Server_494605/File/PSH%2023-24%20ENGLISH%208.25.23.pdf (last visited Feb. 2, 2024).

67. I.C. suffers from a disability due to his diagnoses with ADHD, autism, and epilepsy.

68. I.C.'s disability limits major aspects of his life, making many everyday activities difficult for him.

69. Despite his abilities, I.C. succeeded in classes where the Defendants honored the 504 Plan.

70. I.C. therefore is a "qualified individual with a disability" as defined in 42 U.S.C. § 12131(2).

71. Title II of the ADA prohibits the discrimination of a person on the basis of disability.

72. Defendants discriminated against I.C. when they did not implement his 504 Plan, effectively denying him access to an equal education and causing injury to I.C.

73. Defendants received and accepted Plaintiff's 504 Plan and therefore possessed full knowledge of I.C.'s disability.

74. Defendants discriminated against I.C. on the basis of his disability by intentionally ignoring Plaintiff's 504 Plan.

75. As a direct and proximate result of Defendants' unlawful discrimination, I.C. has sustained and continues to sustain injuries and damages in the form of a traumatic brain injury, broken bones, and the inability to gain his education which will affect I.C. future personal, academic and professional career.

76. Defendants' inobservance of the law and its' effects on Plaintiff are ongoing and continuous, requiring declaratory and injunctive relief and therefore employing 42 U.S.C. § 12182, as well as Fed. R. Civ. P. 57, and 28 U.S.C. § 2201.

77. As a result of the foregoing, Plaintiff is entitled to damages in an amount to be determined at trial, plus prejudgment interest, attorneys' fees, expenses, costs, and disbursements as well as injunctive relief.

## COUNT II
## VIOLATION OF SECTION 504 OF THE REHABILITATION ACT

78. Plaintiffs restate each and every allegation set forth in the preceding paragraphs of as if fully set forth herein.

79. Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 bars all federal funded entities from discriminating based on disability. Section 504 states, in relevant part:

> *No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity conducted by any Executive agency or by the United States Postal Service. 29 U.S.C. § 794(a).*

80. As a public school receiving federal funding, Defendant SPSD is subject to Section 504 of the Rehabilitation Act.

81. Plaintiff I.C. suffers from a disability and is diagnosed with ADHD, autism and epilepsy.

82. Plaintiff's disability limits major aspects of his life, making many every-day activities difficult for him.

83. Despite his abilities, Plaintiff was able to succeed in classes where his 504 Plan was honored.

84. Defendants discriminated against Plaintiff when they did not implement his IEP, effectively denying him access to an equal education.

85. Defendants discriminated against Plaintiff when they did not implement his 504 Plan, effectively denying him access to an equal education and causing injury to Plaintiff.

86. Defendants were made aware of Plaintiff's 504 Plan and therefore were fully aware of Plaintiff's disability.

87. Defendants discriminated against Plaintiff on the basis of his disability by intentionally ignoring Plaintiff's 504 Plan.

88. As a direct and proximate result of Defendants' unlawful discrimination, Plaintiff has sustained and continues to sustain injuries and damages in the form of a traumatic brain injury, broken bones, and the inability to gain his education which will affect Plaintiff's future personal, academic and professional career.

89. As a result of the foregoing, Plaintiff is entitled to damages in an amount to be determined at trial, plus prejudgment interest, attorneys' fees, expenses, costs, and disbursements, as well as injunctive relief.

## COUNT III
### NEGLIGENCE

90. Plaintiffs restate each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

91. The individual Doe Defendants employed by SPSD, SPSC, and/or the City failed to supervise the students adequately.

92. The individual Doe Defendants did not follow I.C.'s 504 Plan requiring I.C. to keep both feet on the ground at all times.

93. It was reasonably foreseeable for Defendants that Plaintiff would be hurt if I.C. did not maintain both feet on the ground.

94. Defendants breached their duty of reasonable care by negligently failing to follow Plaintiffs 504 Plan, Defendants knew or should have known that filing to follow Plaintiff's 504 Plan posed a substantial risk of harm to Plaintiff.

95. By their negligent conduct, Defendants have inflicted extreme and severe physical and emotional distress upon Plaintiff as a result of Defendants' actions.

96. Defendants' actions proximately caused Plaintiff I.C.'s emotional and physical injuries,

97. As a result of the foregoing, Plaintiff is entitled to damages in an amount to be determined at trial, plus prejudgment interest, attorneys' fees, expenses, costs, and disbursements, as well as injunctive relief.

## COUNT IV
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

98. Plaintiffs restate each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set out herein.

99. To recover for negligently inflicted emotional distress, a plaintiff must prove "(1) negligence; (2) emotional distress; (3) causation; (4) physical harm manifested by objective symptomatology; and (5) that a reasonable person would have suffered emotional distress under the circumstances of the case." *Payton v. Abbott Labs*., 386 Mass. 540, 557, 437 N.E.2d 171 (1982).

100. Defendants committed all five elements of negligent infliction of emotional distress: Defendants were negligent; I.C. suffered emotional distress; Defendants actions caused the emotional distress; I.C. was physically harmed; and a reasonable person would have suffered emotional distress under the same circumstances.

101. The individual Defendants employed at SPSD were negligent in failing to implement I.C.'s 504 Plan.

102. As a result of Defendants failure to implement Plaintiff I.C.'s 504 Plan, I.C. suffered a traumatic brain injury and broken bones.

103. Plaintiff I.C. suffered emotional distress as a result of Defendants actions.

104. Defendants' actions rose to the level of negligence.

105. Defendants knew or should have known that their actions would be injurious to Plaintiff.

106. The Defendants' actions proximately caused Plaintiff I.C. severe emotional injuries.

107. As a result of the foregoing, Plaintiff is entitled to damages in an amount to be determined at trial, plus prejudgment interest, attorneys' fees, expenses, costs, and disbursements, as well as injunctive relief.

## VI.     PRAYER FOR RELIEF

**WHEREFORE**, fore the foregoing reasons, Plaintiffs demand a judgment against Defendants as follows:

(a)     On the first cause of action for a violation of the ADA: (i) a judgment against Defendants and in favor of Plaintiffs for actual damages for financial loss and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute, plus prejudgment interest, attorneys fees, expense, costs, and disbursements; and (ii) an injunction prohibiting Defendants' wrongful conduct and requiring Defendant to implement Plaintiff I.C.'s IEP;

(b)     On the second cause of action for a violation of Section 504 of the Rehabilitation Act: (i) a judgment against Defendants and in favor of Plaintiffs for actual damages for financial loss and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute, plus prejudgment interest, attorneys fees, expense, costs, and disbursements; and (ii) an injunction prohibiting Defendants' wrongful conduct and requiring Defendant to implement Plaintiff I.C.'s IEP;

(c) On the third cause of action for Negligence: (i) a judgment against Defendants and in favor of Plaintiffs for actual damages for financial loss and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute, plus prejudgment interest, attorneys fees, expense, costs, and disbursements; and (ii) an injunction prohibiting Defendants' wrongful conduct and requiring Defendant to implement Plaintiff I.C.'s IEP;

(d) On the fourth cause of action for Negligent Infliction of Emotional Distress: (i) a judgment against Defendants and in favor of Plaintiffs for actual damages for financial loss and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute, plus prejudgment interest, attorneys fees, expense, costs, and disbursements; and (ii) an injunction prohibiting Defendants' wrongful conduct and requiring Defendant to implement Plaintiff I.C.'s IEP; and

(e) Grant any such other and further relief as justice so requires and the Court finds just and proper.

## VII. JURY DEMAND

Plaintiff herein demands a trial by jury on all issues in the present matter.

**Dated: March 21, 2024**
**Boston, Massachusetts**

                              **Respectfully Submitted,**

                              *Attorneys for Plaintiff Lian Sierra on behalf of her minor child, I.C.*

                              **THE LAW OFFICE OF KEITH ALTMAN, PLLC**

**Keith Altman, Esq.**
(***pro hac vice*** **forthcoming)**
**33228 West 12 Mile Road, Suite 375**
**Farmington Hills, Michigan 48331**
**(248) 987-8929**
**keithaltman@kaltmanlaw.com**

**NESENOFF & MILTENBERG LLP**

/s/ *Andrew T. Miltenberg*
**Andrew T. Miltenberg, Esq.**
**(*Pro Hac Vice* Forthcoming)**
**363 Seventh Avenue, Fifth Floor**
**New York, New York 10001**
**(212) 736-4500**
**amiltenberg@nmllplaw.com**

/s/ *Regina M. Federico*
**Tara J. Davis, Esq. (BBO No. 675346)**
**Regina M. Federico (BBO No. 700099)**
**101 Federal Street, 19th Floor**
**Boston, Massachusetts 02110**
**(617) 209-2188**
**tdavis@nmllplaw.com**
**rfederico@nmllplaw.com**